UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER F. HERINA, | No. 2:16-cv-2964-EFB P |
| Petitioner, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Respondents. | |

Herina[1] has filed the first page of an unsigned application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a certified trust account statement. ECF Nos. 1, 7. These filings, however, are not sufficient to commence a civil action. To commence such an action, a party must file a complaint or a petition. Fed. R. Civ. P. 3; Rule 3, Rules Governing § 2254 Cases; *Woodford v. Garceau*, 538 U.S. 202, 203 (2003).

On January 17, 2017, and again on February 24, 2017, the court informed Herina that this matter would be closed if he did not properly commence a civil action within 30 days, by filing a signed and complete petition for writ of habeas corpus, and either paying the filing fee or filing an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). ECF Nos. 6,

---

[1] Herina, referred to in the caption for administrative purposes as "Petitioner" is a state prisoner proceeding without counsel.

8.[2]  Those 30 days have passed and Herina has not filed the necessary documents or otherwise responded to the court's orders.

As Herina has not submitted a petition and either paid the filing fee or met the requirements of 28 U.S.C. § 1915(a), there is simply no case before the court.

Accordingly, the Clerk is hereby directed to close this case.

DATED:  March 30, 2017.

                                     EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Although it appears from the file that Herina's copy of the February 24, 2017 order was returned, Herina was properly served.  It is the party's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.